FILED

07/05/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0609

# SYNOPSIS OF THE CASE[1]

**2022 MT 129,** No. DA 20-0609:   **ARIANE WITTMAN and JEREMY TAYLEN,** Plaintiffs and Appellants, v. **CITY OF BILLINGS,** Defendant and Appellee.

In 2019, sewage backed up into the basement of Ariane Wittman's and Jeremy Taylen's (Wittmans) home due to a grease clog in the City of Billing's sewer main.  Wittmans sued the City for damages, alleging the event constituted inverse condemnation of their property by the City.  Testimony indicated the City routinely cleaned the 500-plus miles of its sewer system.  However, a sewer system is unable to process grease, and ultimately the City could do nothing more to prevent grease clogs than asking residents not to discharge grease into the system.  Despite cleaning efforts, ten to fifteen backups occur in the City each year, although not all are caused by grease.  The District Court held the Wittmans did not prove the City took any "deliberate affirmative action" to condemn or damage their property, and because a government cannot "accidently, inadvertently, or erroneously" condemn a property, their claim failed.

In a 5-2 decision, the Montana Supreme Court affirmed.  The Court declined to adopt changes to inverse condemnation law proposed by the Wittmans and Amicus Montana Trial Lawyers Association, but clarified the legal standards to help ensure inverse condemnation claims were not more difficult to prove than required by longstanding Montana law.  The Court also explained that, whether the government preemptively takes private property for public use by formal power of eminent domain, or effectively takes or damages property for public use by its actions and thus prompts a claim, the property owner is entitled to "just compensation" for such loss under the Montana Constitution.  Regarding the Wittmans' claim, the Court noted the City had not planned and built its sewer system in such a way as to make the Wittmans' backup foreseeable, but, rather, the event was caused by the misuse of the system that resulted in accidental or inadvertent damage, which was insufficient to establish the property had been taken or damaged "for public use" as required by the Constitution.  The Court noted similar rulings made by other state courts on inverse condemnation claims involving sewer backups, but left open the possibility that claims under other theories, such as negligence or nuisance, could be pursued.

Justice Sandefur dissented, reasoning that Montana inverse condemnation law lacked analytical clarity and that, over time, the Court has improperly added standards for proving such claims inconsistent with the Montana Constitution, and has failed to incorporate developments in the law of causation.  The Court has perpetuated these errors in today's decision.  Setting forth the correct elements of inverse condemnation law that should be drawn from precedent, Justice Sandefur concluded Wittmans had established an inverse condemnation claim, and would reverse and remand for a determination of their damages. Justice Gustafson joined Justice Sandefur's dissent.

---

[1] This synopsis has been prepared for the convenience of the reader.  It constitutes no part of the Opinion of the Court and may not be cited as precedent.